IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 06-61833-CIV-UNGARO-BENAGES/O'SULLIVAN

DENNIS PAPA, JR.,

      Plaintiff,

v.

CITY OF NORTH MIAMI BEACH;
NORTH MIAMI BEACH POLICE DEPT.;
BROWARD COUNTY SHERIFF'S OFFICE;
AND CITY OF DANIA BEACH,

      Defendants.

_____/

## AGREED HIPAA QUALIFIED PROTECTIVE ORDER AND ORDER TO DISCLOSE PROTECTED HEALTH INFORMATION

THIS CAUSE having come on before the Court on Defendant, BROWARD COUNTY SHERIFF'S OFFICE'S Motion for HIPAA Qualified Protective Order and Order to Disclose Protected Health Information, and the Court being otherwise duly advised it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Said Motion be and the same is **GRANTED**.

### HIPAA Qualified Protective Order

2.    In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. §§ 164.512(e)(1)(ii)(B) & (v), the Court hereby institutes a **HIPAA QUALIFIED PROTECTIVE ORDER**, as that term is defined in the foregoing regulations, and requires for information obtained by subpoena that all parties be:

(1)    prohibited from using or disclosing protected health information ("PHI") for any purpose other than the litigation of the above-styled lawsuit; and

Papa v. BSO, et al.
Case No. 06-61833-CIV-Ungaro

(2)     required to return to the disclosing entity or destroy the PHI (including all

copies made) at the conclusion of the litigation of the above-styled lawsuit.

("Conclusion" is not defined by HIPAA but should be understood to include the time

for any records retention requirements and statute of limitations applicable to a party

or a party's counsel; "Litigation" is not defined by HIPAA but should be understood

to include all appellate proceedings at any level or the expiration of the time to

commence such further appellate proceedings without appeal).

Based upon this **HIPAA QUALIFIED PROTECTIVE ORDER** and commencing immediately

from the date of this Order, all persons, including but not limited to physicians and other medical

providers, shall **COMPLY** with, and are hereby **AUTHORIZED** and **ORDERED** to use or disclose

PHI in response to, any and all subpoenas for records without deposition (under Fed. R. Civ. P. 45)

to which no objection has been timely filed and any and all other subpoenas served upon them at any

time in the course of this litigation. This **HIPAA QUALIFIED PROTECTIVE ORDER** applies

only to PHI received pursuant to subpoena in the above-styled litigation and does not apply to

information obtained in any other manner such as by a plaintiff's own request or authorization.

**Interrogatories, Requests for Production, Requests for Copies & Expert Communications**

3.      In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for

purposes of compliance HIPAA, without waiver of any right to prepayment of costs or any other

appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, and

designees of each party or each party's legal counsel in this case, including but not limited to the law

firms of BILLING, COCHRAN, HEATH, LYLES, MAURO & ANDERSON, P.A., AND

AKERMAN SENTERFITT, are expressly and specifically **AUTHORIZED** and **ORDERED** to:

2

Papa v. BSO, et al.
Case No. 06-61833-CIV-Ungaro

(a)     respond to valid Requests for Production or Interrogatories served pursuant to the Federal Rules of Civil Procedure in the above-styled claim or litigation seeking protected health information;

(b)     respond to valid and timely Requests for Copies served pursuant to the Federal Rules of Civil Procedure in the above-styled claim or litigation for production of documents and things without deposition concerning protected health information; and

(c)     respond to each one of a party's own expert(s) who requests, either orally or in writing, protected health information for purposes of reviewing the above-styled claim or litigation in whole or in part, whether the expert is a consulting or trial expert, and whether the expert is considered retained for compensation or non-retained,

by disclosing and providing such requested protected health information. In compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorization and order set forth in this paragraph expressly includes protected health information concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases if so requested. The command of the Court in this paragraph is a separate authorization for use or disclosure of protected health information that is in addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth in paragraph No. 2 above. Violation of this Order may subject the non-compliant party, or party's counsel to sanctions, including but not limited to the costs and attorney's fees attributable to such non-compliance, the striking of evidence or testimony, or the striking of the party's claims or defenses.

## Depositions

4.     In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance HIPAA, without waiver of any right to prepayment of costs, fees, and expenses, or any other appropriate objection or privilege that may be timely asserted, each deponent

3

duly noticed for deposition in the above-styled litigation, including but not limited to a party, a fact witness, a records custodian, an expert, a treater, or a health care provider of any type, is expressly and specifically **AUTHORIZED** and **ORDERED** to use or to disclose to the attorneys, employees, agents, and designees of each party or each party's legal counsel in this case, including but not limited to the law firms of <u>BILLING, COCHRAN, HEATH, LYLES, MAURO & ANDERSON, P.A.,</u> AND <u>AKERMAN SENTERFITT</u> the protected health information of a party that is responsive to deposition questions or a valid duces tecum at such duly noticed deposition in the above-styled litigation. In compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorization and order set forth in this paragraph, expressly includes protected health information concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases. The command of the Court in this paragraph is a separate authorization for use or disclosure protected health information that is in addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth in paragraph No. 2 above. Violation of this Order may subject the non-compliant deponent, party, or party's counsel to sanctions, including but not limited to the costs and attorney's fees attributable to such non-compliance, the striking of the non-compliant deponent's testimony or other evidence, or the striking of the non-compliant party's claims or defenses.

### Judicial Proceedings

5.      In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance HIPAA, without waiver of any right to prepayment of costs, fees, and expenses or any other appropriate objection or privilege that may be timely asserted, all witnesses

Papa v. BSO, et al.
Case No. 06-61833-CIV-Ungaro

duly appearing at, or subpoenaed for, any judicial proceeding related to this litigation, including but not limited to trial, are specifically and expressly **AUTHORIZED** and **ORDERED** to use and disclose the PHI of a party in any form at such judicial proceeding.   In compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorization and order set forth in this paragraph, expressly includes protected health information concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases.  The command of the Court in this paragraph is a separate authorization for use or disclosure protected health information that is in addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth in paragraph No. 2 above.

### Court Reporter, Photocopying & Other Designated Service Providers of a Party

6.  Pursuant to 45 C.F.R. § 164.512(e)(1)(i) and in compliance with HIPAA, but without waiver of any right to prepayment of costs or other appropriate objection or privilege that may be timely asserted, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically **AUTHORIZED** and **ORDERED** to do so with, to, or before any court reporter service, videography service, translation service, photocopy service, document management service, records management service, graphics service or other such litigation service, designated by a party or a party's legal counsel in this case, including but not limited to the law firms of BILLING, COCHRAN, HEATH, LYLES, MAURO & ANDERSON, P.A. AND AKERMAN SENTERFITT. The protections and requirements of paragraph No. 2 above specifically apply to any such service so designated. Each party or the party's legal counsel is charged with giving notice of the obligations imposed by this Order to any such service the party or counsel so designates and further charged

5

Papa v. BSO, et al.
Case No. 06-61833-CIV-Ungaro

with obtaining advance consent of such service to comply fully with this paragraph.  Upon such

consent, the service will be deemed to have voluntarily submitted to the Court's jurisdiction during

the pendency of this litigation for purposes of enforcement of this paragraph, including but not

limited to the imposition of such sanctions, monetary or otherwise, as may be appropriate for any

non-compliance.

**Business Associate Agreements**

7.     Except for business associate agreements (within the meaning of the HIPAA

regulations) entered into by a party or a party's legal counsel for purposes of satisfying the

requirements of paragraph No. 6 of this Order, the uses and disclosures of PHI authorized under this

Order are separate from, and not to be deemed subject to, any business associate agreement that has

been or will be executed by any party, any party's legal counsel, or any disclosing person or entity.

No use or disclosure made pursuant to this Order shall be deemed to require execution a business

associate agreement (within the meaning of the HIPAA regulations).  The intent of this Order is that

the uses and disclosures made pursuant to it should not be subject to such business associate

agreements, or to any requirement for such agreements under the HIPAA regulations.  Such

agreements should be construed as inapplicable to any uses or disclosures made pursuant to this

Order and, therefore, as limited only to uses and disclosures of PHI outside of this Order.

8.     Unless a motion for enforcement of this Order has been filed in this case and remains

pending at the time, this Order shall expire upon the conclusion of this litigation by any dismissal or

by final judgment, through and including all appellate proceedings unless the time for commencing

such proceedings has expired without an appeal.

9.     This order is self-executing without need of further order of the Court, and it is

Papa v. BSO, et al.
Case No. 06-61833-CIV-Ungaro

effective upon entry.

    10.    A copy of this order shall be valid as an original.

    **DONE and ORDERED** at Miami, Miami-Dade County, Florida on this 25 day of

_____, 2007.

U.S. District Judge
MAGISTRATE

Copies to:

Marshall E. Rosenbach, Esq.
Law Offices of Marshall E. Rosenbach
468 N. Camden Drive, Suite 200
Beverly Hills, CA 90210
Attorney for Plaintiff
Tel: 310-860-4764
Fax: 310-860-4763
E-Mail: rosenbachlaw@yahoo.com

Denise M. Heekin, Esq.
Denise.heekin@akerman.com
James S. Crosland, Esq.
James.crosland@akerman.com
Akerman Sneterfitt, et al.
One SE Third Avenue, Suite 2800
Miami, FL 33131
Attorneys for City of North Miami Beach
Tel: 305-374-5600
Fax: 305-374-5095

Justin D. Grosz, Esq.
Billing Cochran Heath, et al.
888 SE Third Avenue, Suite 301
Fort Lauderdale, FL 33316
Attorneys for Broward Sheriff's Office
Tel: 954-764-7150
Fax: 954-764-7279
E-Mail: jdg@bchlm.com